# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MILLS, | Case No. CV 18-2785-CBM (KK) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION AS DUPLICATIVE |
| UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA, | |
| Respondent. | |

Petitioner Kenneth Wayne Mills ("Petitioner") has now filed three <u>pro se</u> Petitions for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 challenging the same conviction on the same ground. ECF Docket No. ("Dkt.") 1. For the reasons set forth below, the Petition is dismissed as duplicative.

## I.
## **PROCEDURAL HISTORY**

On April 25, 2017, Petitioner filed a habeas petition in the Eastern District of California Case No. 2:17-873-JAM-EFB ("First Petition"). <u>Mills v. California</u>

Department of Corrections and Rehabilitation, CV 17-6748-CBM (KK), Dkt. 1.[1] The First Petition challenged Petitioner's conviction for mayhem and assault in Los Angeles County Superior Court based on the denial of counsel at a competency hearing. Id. at Dkt. 23, Second Amended Petition. On September 12, 2017, the First Petition was transferred to this Court and received case number CV 17-6748-CBM (KK). Id. at Dkt. 25.

On October 18, 2017, Petitioner filed a habeas petition in this Court, which received case number CV 17-7901-CBM (KK) ("Second Petition"). Mills v. California Department of Corrections, CV 17-7901-CBM (KK), Dkt. 1. The Second Petition challenged Petitioner's conviction for mayhem and assault in Los Angeles County Superior Court based on the denial of counsel at a competency hearing. Id.

On December 4, 2017, the First Petition and Second Petition were consolidated and dismissed with prejudice as untimely. See CV 17-7901-CBM (KK), Dkts. 36, 37, 38; see also Mills v. California Dep't of Corr. & Rehab., No. CV 17-6748-CBM (KK), 2017 WL 6048907, at *1 (C.D. Cal. Oct. 31, 2017), report and recommendation adopted, 2017 WL 6060595 (C.D. Cal. Dec. 4, 2017).

On April 4, 2018, the instant Petition was transferred to this Court from the Eastern District of California.[2] Dkts. 1, 10. The Petition again challenges Petitioner's conviction for mayhem and assault in Los Angeles County Superior Court based on the denial of counsel at a competency hearing. Dkt. 1 at 2-3.

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[2] Petitioner appears to argue he is entitled to habeas relief because his "Petition Case No 2:17-cv-00873" was "not heard." Dkt. 1. At the time Petitioner constructively filed the instant Petition on October 8, 2017, this Court had not yet ruled on Central District of California Case No. 17-6748-CBM (KK), which was the case number assigned to Eastern District of California Case No. 2:17-873-JAM-EFB when the action was transferred to this Court. However, the Court has now heard and dismissed the April 25, 2017 action as untimely. Hence, the relief sought must be denied as moot.

2

# II.

# **DISCUSSION**

A district court may dismiss an action as duplicative after the weighing the equities of the case. Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008); see also Fordjour v. Mueller, No. 1:08-CV-01143-OWW-SMS (HC), 2008 WL 4104298, at *1 (E.D. Cal. Sept. 3, 2008), report and recommendation adopted, 2008 WL 4661028 (E.D. Cal. Oct. 21, 2008) (dismissing as duplicative a habeas petition challenging the same conviction on the same grounds as a prior petition).

Here, the instant Petition challenges Petition's conviction for mayhem and assault in Los Angeles County Superior Court based on the denial of counsel at a competency hearing. The Petition, thus, challenges the same conviction on the same grounds and seeks the same relief as the First and Second Petitions.[3] Hence, the instant Petition must be dismissed as duplicative.

///
///
///
///
///
///
///

---

[3] To the extent Petitioner is arguing his civil rights under 42 U.S.C. § 1983 were violated by the dismissal of the prior petition or that he is entitled to damages, see Dkt. 9, Petitioner has been advised on multiple occasions that he must file civil rights actions separately using the appropriate form. See Dkt. 10 at 1 n.1. Moreover, damages are not available in federal habeas corpus proceedings. See Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016), cert. denied, 137 S. Ct. 645, 196 L. Ed. 2d 542 (2017) (holding "where the relief sought would 'neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody," such claims may "not be brought in habeas corpus but must be brought, 'if at all' under § 1983").

3

# III.
# **ORDER**

IT IS THEREFORE ORDERED THAT Judgment be entered dismissing this action with prejudice as duplicative.

Dated: April 18, 2018

HON. CONSUELO B. MARSHALL
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge